424 F.2d 281
 UNITED STATES of America, as Owner of the USNS BLUE JACKET, Appellee,
v.
Alfred M. SHAFTER, as next friend of the dependents and next of kin of Georg Joseph Kostka, Dr. Horst Willner, as administrator of the Estate of Georg Kostka, deceased, the owner of the GERMAN MOTORSHIP DIRK, Albingia Versicherungs-Aktiengesellschaft, and The British Marine Mutual Insurance Association, Ltd., Appellants.
 No. 660.
 Docket 34340.
 United States Court of Appeals, Second Circuit.
 Argued March 31, 1970.
 Decided April 1, 1970.
 
 Francis J. Nicosia, New York City, for appellants.
 Bruno Ristau, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Whitney North Seymour, Jr., U. S. Atty., New York City, Morton Hollander, Philip A. Berns, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.
 Before KAUFMAN and FEINBERG, Circuit Judges, and TIMBERS,* District Judge.
 PER CURIAM.
 
 
 1
 Although we affirmed this case in open court we believe it advisable briefly to set forth our reasons.
 
 
 2
 We have jurisdiction to hear this appeal on two alternate grounds: (1) on the assumption that the application before the lower court may be treated as one for intervention as of right, and (2) that the proper evidence of substitution of attorneys and representatives, though not before Judge Mansfield at the time of his opinion, has been subsequently filed.
 
 
 3
 Upon the merits, we affirm on Judge Mansfield's thorough opinion, reported at 49 F.R.D. 164 (1969). We believe that the wrongful death and personal injury counterclaim was covered by the NATO-SOFA agreement, and thus not within the jurisdiction of the District Court.[1] See Shafter v. United States, 273 F.Supp. 152, 153-156 (S.D. N.Y.1967), aff'd per curiam, 400 F.2d 584 (2d Cir. 1968), cert. denied, 393 U.S. 1086, 89 S.Ct. 871, 21 L.Ed.2d 779 (1969).
 
 
 
 Notes:
 
 
 *
 Chief Judge of the District of Connecticut, sitting by designation
 
 
 [1]
 Appellant appears to have abandoned his counterclaim for lost business; in any case he does not urge that we review that portion of the judgment on appeal